# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MILTON LEE HERD, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 17-238-RAW-KEW |
| JIM FARRIS, Warden, | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner, a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. 1). He is attacking the execution of his 20-year sentence in Carter County District Court Case No. CF-87-89. Petitioner alleges he was sentenced on May 6, 1987, and time credits pursuant to *Ekstrand v. State*, 791 P.2d 92, 95 (Okla. Crim. App. 1990), *abrogated on other grounds by Waldon v. Evans*, 861 P.2d 311 (Okla. Crim. App. 1993), have not been applied to his sentence. He requests application of the *Ekstrand* credits and release from custody.

**Standard of Review**

Respondent has filed a motion for summary judgment (Dkt. 7). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. A party opposing a motion for summary judgment may not

simply allege there are disputed issues of fact; rather, the party must support its assertions by citing to the record or by showing the moving party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c). Thus, the inquiry for this Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**Statute of Limitations**

Respondent alleges, among other things, that the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). The one-year limitation period ordinarily begins with the date the petitioner's judgment became final. 28 U.S.C. § 2244(d)(1)(A). The period, however, can be extended when the factual predicate of the claim was not reasonably discoverable at that time. 28 U.S.C. § 2244(d)(1)(D). The one-year limitation period applies to both § 2254 and § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

Pursuant to Okla. Stat. tit. 57, § 138(I)(2), Department of Corrections inmates receive a monthly accounting of sentence credits. Therefore, if a prisoner alleges he is entitled to release from custody because of a miscalculation of earned credits, he "should reasonably have been able to learn the factual predicate for his claim by review of the Consolidated Record Cards that he had received." *Trinidad v. Addison*, No. CIV-11-873-M, 2012 WL 601423, at *2 (W.D. Okla. Jan. 27, 2012) (citing *Alegnstedt v. Champion*, 42 Fed. App'x 129 (10th Cir. 2002)) (unpublished report and recommendation), *adopted by district court*, 2012 WL 601451 (Feb. 22, 2012).

Petitioner has presented evidence in his complaint of having received his monthly accountings as early as 1987 and as recently as September 2016. (Dkt. 1 at 16, 24).

2

According to Respondent, Petitioner first complained of being due *Ekstrand* credits in September 2013 by way of Grievance No. 13-1822. (Dkt. 7-1 at 3-4). Under a generous interpretation of 28 U.S.C. § 2244(d)(1)(D), the Court finds the one-year deadline for filing this habeas petition was in September 2014, one year after Grievance No. 13-1822 was filed. Therefore, the petition, which was filed on June 21, 2017, was untimely.

Petitioner carries the burden of establishing equitable tolling of the limitation period. *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). Petitioner has failed to allege or argue equitable tolling, thus he is not entitled to extension of the limitation period. Because there is no genuine issue of a material fact, and no reasonable juror could find the petition was timely, Respondent is entitled to summary judgment.

**Certificate of Appealability**

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion for summary judgment (Dkt. 7) is GRANTED, and the petition for a writ of habeas corpus (Dkt. 1) is DENIED. All remaining pending motions are DENIED as moot, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 26th day of March 2018.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma